# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 21, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | |
| CIARA HENDRICKSON, | * | |
| | * | No. 17-006V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * | | |

*Diana L. Stadelnikas*, Maglio Christopher & Toale, Sarasota, FL, for petitioner.
*Emilie F. Williams*, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 11, 2022, Ciara Hendrickson ("petitioner") filed a final motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 95). For the reasons discussed below, the undersigned hereby **GRANTS** petitioner's motion and awards a total of **$123,602.55** in reasonable attorneys' fees and costs.

### I.   Procedural History

On January 3, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Program.[2] Petition (ECF No. 1). Petitioner alleged that she suffered headache and optic neuritis as a result of receiving HPV and Tdap vaccinations on July 30, 2015, as well as the meningococcal vaccination on August 5, 2015. *Id.*

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On February 3, 2022, respondent filed a stipulation, which stated that a decision should be entered awarding compensation for petitioner. Stipulation ("Stip.") (ECF No. 89). Respondent "denie[d] that the vaccines caused or significantly aggravated petitioner's alleged injury or any other injury." *Id.* at ¶ 6. Respondent however agreed with petitioner that "the issues between them shall be settled and that a decision should be entered" to award compensation for petitioner's claim. *Id.* at ¶ 7.

On February 3, 2022, I entered a decision on stipulation which awarded a lump sum of $40,407.48 in the form of a check payable to petitioner as well as a lump sum of $9,592.52 in the form of a check payable jointly to petitioner and the State of Florida Agency for Health Care Administration, representing reimbursement of a lien for services provided to petitioner. Decision on Stip. (ECF No. 90).

On May 11, 2022, petitioner filed a motion for attorneys' fees and costs. Fees App. (ECF No. 95). Petitioner requests a total of $123,602.55, which consists of $93,984.60 in attorneys' fees and $29,617.95 in costs incurred during litigation. *Id.* Petitioner did not incur any personal costs in this case. *Id.* at Exhibit ("Ex.") 63. Petitioner filed invoices detailing both the attorneys' fees and costs incurred during this case. *Id.* at Ex. 61, 62. To further support this motion, petitioner produced an affidavit of counsel for petitioner, as well as an affidavit of the managing partner of the firm for petitioner's counsel. *Id.* at Ex. 64, 65.

On June 30, 2022, respondent filed a response to this motion for attorneys' fees. Respondent's ("Resp.") Response (ECF No. 96). Respondent states that they are "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* (citing 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Respondent does not contest the request for attorneys' fees and costs, noting that the determination is to be within a special master's discretion. *Id.* Respondent thus "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.*

On July 7, 2022, petitioner filed a reply to respondent's response. Pet. Reply (ECF No. 97). Petitioner argues that the responsibility falls on respondent to provide evidence that any request for attorneys' fees or costs, and that respondent's position regarding the awarding of fees and costs both burdens this Court and prejudices petitioner. *Id.* Petitioner contends that if respondent fails to present evidence, this Court should consider the motion unopposed, and grant the fees and costs in full. *Id.* Petitioner argues further that they have met their burden of establishing reasonable fees and costs, and again requests the costs and fees requestion in the motion to be granted. *Id.*

The matter is now ripe for adjudication.

## II. Entitlement to Attorneys' Fees and Costs

### A. General Legal Standards

Reasonable attorneys' fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B); *Rodriguez v. Sec'y of Health & Human Servs.,* 91 Fed. Cl. 453,

462 (2010), *aff'd*, 632 F.3d 1381, 1386 (Fed. Cir. 2011). Even when compensation is not awarded, such reasonable attorneys' fees and costs may still be awarded if a special master or court determines that such petition had a good faith and reasonable basis. *See* §15(e)(1). The Federal Circuit has spoken to Congress's intent in the Vaccine Act "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In this case, petitioner was awarded compensation pursuant to a decision on stipulation, a judgement which petitioner elected to accept. (ECF Nos. 90, 93). Therefore, she is entitled to an award of reasonable attorneys' fees and costs.

### B. Legal Standard for Reasonable Attorney's Fees and Costs

Special masters are allowed to utilize their own experiences and judgement when deciding to approve of or reduce the number of hours billed. See *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993) (per curiam). A line-by-line analysis of the hours submitted to the Court is not necessary. *Id.* Special masters are given substantial discretion in determining if a petitioner's request is reasonable, and parties are discouraged by the Supreme Court from creating a second round of major litigation based on the determination of fees. *See Fox v. Vice*, 563 U.S. 826, 838 (2011); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009); *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The party making a request for attorneys' fees should have support in the form of billing records that indicate all services performed, hours expended on tasks, and the names of those performing each task. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18. The Federal Circuit also instructs that the requesting party exclude all hours which are "excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Saxton*, 3 F.3d at 1521 (Fed. Cir. 1993).

The lodestar approach has been adopted for determining attorneys' fees under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008). Under this method, reasonable attorneys' fees will be the product of a reasonable hourly rate multiplied by the hours reasonably expended on the case. *Id.* Special masters may then make an upward or downward departure from this based on any specific findings. *Id.* This logic also extends to the requirement that requested cost reimbursements be reasonable as well. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992).

### III. Reasonable Attorneys' Fees Analysis

Petitioner requested a total of $93,984.60 in attorneys' fees regarding this case for her attorney Ms. Diana L. Stadelnikas and the work of various paralegals[3], and a law clerk. Fees App. Ms. Stadelnikas is a Partner at Maglio Christopher & Toale having filed over 250 cases under the National Vaccine Injury Compensation Program. Fees App., Ex. 64. Petitioner has requested reimbursement for services from February 8, 2016, through and including May 10, 2022, at the following rates:

|  | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|
| **Diana L. Stadelnikas** | $359.00 | $372.00 | $396.00 | $415.00 | $440.00 | $470.00 | $490.00 |
| **All Paralegals** | $105.00 to $145.00 | $145.00 | $140.00 to $145.00 | $154.00 | $145.00 to $160.00 | $155.00 to $165.00 | $160.00 to $170.00 |
| **Law Clerks** | $145.00 | x | x | x | x | x | x |

*Id.*

Petitioner has requested rates for Ms. Stadelnikas, paralegals, and law clerks that are consistent with what has been previously awarded for their work in this Court. *See, e.g., Scheffler v. Sec'y of Health & Human Servs.*, No. 19-260V, 2022 WL 16580270 (Fed. Cl. Spec. Mstr. Oct. 3, 2022); *Brienen v. Sec'y of Health & Hum. Servs.,* No. 20-668V, 2022 WL 3100319 (Fed. Cl. Spec. Mstr. Jun. 30, 2022); *Barber v. Sec'y of Health & Human Servs.*, No. 19-607V, 2022 WL 2663230 (Fed. Cl. Spec. Mstr. Jun. 30, 2022); *Correa v. Sec'y of Health & Human Servs.*, No. 19-592V, 2022 WL 2222485 (Fed. Cl. Spec. Mstr. May 24, 2022); *Stolberg v. Sec'y of Health & Human Servs.*, No. 17-1815V, 2021 WL 5410532 (Fed. Cl. Spec. Mstr. Oct. 25, 2021). Accordingly, I find the requested rates are reasonable and that no adjustment is warranted.

### IV. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing

---

[3] Paralegals at this firm are noted as having different billing rates depending on whether or not they received designation as Florida Registered Paralegals by meeting necessary prerequisite educational requirements and passing the Certified Paralegal examination program. Fees App., Ex. 65. The affidavit filed by petitioner describes the role of "medical records paralegals," stating that "[t]hese paralegals focus on medical records collection, a task previously performed in each case by the paralegal primarily assigned to the matter." *Id.*

that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), aff'd No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993). It is within a special master's discretion to instead make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.,* 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), mot. for rev. denied, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

This case involved multiple complex issues on entitlement which involved sophisticated expert reports from both sides which were litigated over a five year time period.  The petitioner has provided detailed records of the time expended on this case which appear reasonable in light of  the complexity of the litigation and the competing expert reports filed in the case.  Accordingly, I will award the requested attorneys' fees without reduction.

V.      **Reasonable Attorneys' Costs Analysis**

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests reimbursement for attorneys' costs in the amount of $29,617.95.  Final Fees App. Ex. 1. The majority of these costs are attributable to the services of medical expert Dr. Joseph F. Rizzo, MD, totaling $27,950.00. *Id*. The remaining costs of $1,667.95 include the costs of postage, printing, medical records, Court filing fee, and medical literature. *Id*. In my review of the remaining costs incurred during the period of March 2, 2016, to April 22, 2022, I find that these costs are reasonable and supported by adequate documentation and as such will be awarded in full. *Id*.

Dr. Rizzo submitted two expert reports, on August 20, 2018, and October 31, 2019. Pet. Ex. 12; Pet. Ex. 43 (ECF Nos. 27, 52). Dr. Rizzo billed a total of 43 hours, 26 hours for the first expert report and 17 hours for the second expert report, at a rate of $650.00 per hour. Final Fees App. Ex. 1 at 35-38. Petitioner submitted documentation justifying Dr. Rizzo's rate and his credentials. His rate has been awarded in the Program previously. Specifically, Special Master Roth provided a detailed review of his credentials and sound reasoning for his rate. *See Sykes v.*

*Sec'y of Health & Hum. Servs.*, No. 17-716V, 2019 WL 7565467, at *6 (Fed. Cl. Oct. 15, 2019); *Nwala v. Sec'y of Health and Human Servs.*, No. 16-923V, 2019 WL 2005751, *3–4 (Fed. Cl. Spec. Mstr. Apr. 12, 2019).

Dr. Rizzo is highly qualified and specialized. Pet. Ex. 41. His double board certification, employment, and teaching and researching positions make him one of the only handful of physicians with such specialized concentration. *See Nwala*, 2019 WL 2005751; Pet. Ex. 41. I will therefore award Dr. Rizzo a rate of $650.00 for his work on this case for a total of $27,950.00.

## VI. Conclusion

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is **GRANTED**. I find they are entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $93,984.60 |
| **Attorneys' Fees Awarded:** | **$93,984.60** |
| Attorneys' Costs Requested: | $29,617.95 |
| **Attorneys' Costs Awarded:** | **$29,617.95** |
| Total Fees and Costs Requested: | $123,602.55 |
| **Total Fees and Costs Awarded:** | **$123,602.55** |

Accordingly, I award the following:

1) **A lump sum in the amount of $123,602.55, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).